IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY WASHINGTON | § | |
| | § | No. 94, 2016 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | No. 1412002092A |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 14, 2016
Decided: December 15, 2016

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

**O R D E R**

On this 15th day of December 2016, having considered the appellant's opening brief, the State's answering brief, and the Superior Court record, it appears to the Court that:

(1)   In October 2015, following a three-day trial, a Superior Court jury convicted Anthony Washington of Aggravated Possession, Possession of Drug Paraphernalia, Tier 4 Drug Dealing, Possession of a Firearm During the Commission of a Felony, and Conspiracy Second Degree.  This is Washington's appeal of two of the Superior Court's rulings on evidence.

(2)   First, Washington argues that the Superior Court abused its discretion by granting the State's pretrial Motion for Extension to produce the controlled

substances laboratory report. But, we need not reach the merits of his argument because it is barred under Supreme Court Rule 8, which requires "[o]nly questions fairly presented to the trial court may be presented for review."[1] Here, Washington did not oppose the report when it was produced on September 21st or in later motions[2] and so waived the argument.[3]

(3) Even if this Court reached the merits of Washington's argument, he would not prevail. This Court reviews Superior Court pretrial discovery rulings for abuse of discretion[4] and will only reverse the Superior Court "if the substantial rights of the accused are prejudicially affected."[5] To determine prejudice, this Court considers: "(1) the centrality of the error to the case; (2) the closeness of the case; and (3) the steps taken to mitigate the results of the error."[6] The Superior Court's conclusion that the State's Motion for Extension was appropriate was a rational conclusion. Here, the report confirmed the validity of the field tests showing that the drugs were in fact drugs, which was not an issue Washington contested at trial. Thus the delay—really "delays" because the State also missed the Superior Court's revised deadline—was not central to the case, and

---

[1] *Id.*; *See Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[2] App. to Appellant's Corrected Opening Br. at A5 (Superior Court Docket).

[3] *Cf.* 1 JOSEPH M. MCLAUGHLIN, WEINSTEIN'S FEDERAL EVIDENCE § 103.11[2][b] (2d ed. 2016) ("[A] motion in limine is ineffective to preserve a claim of error in the admission of evidence if the trial court deferred ruling on it.").

[4] *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1106 (Del. 2006).

[5] *Hopkins v. State*, 893 A.2d 922, 927 (Del. 2006).

[6] *Id.* (citing *Ray v. State*, 587 A.2d 439, 441 (Del. 1991).

Washington did not experience prejudice. Although defense counsel should generally not be expected to endure late discovery, the Superior Court was within its discretion to grant the extension after the deadline passed.[7]

(4) Second, Washington argues that the Superior Court abused its discretion in denying his pretrial Motion in Limine seeking to exclude DNA evidence under Delaware Rules of Evidence 403. Washington argues that the DNA evidence was confusing, misleading, and its probative value was substantially outweighed by its prejudicial effect. The Superior Court's decision to admit evidence is reviewed for abuse of discretion.[8] The Superior Court denied Washington's Motion in Limine because it found the probative value of the evidence in supporting the State's theory that Washington was one of several people handling the guns was not substantially outweighed by its prejudicial effect when the evidence could be tested under cross-examination. Although the DNA evidence did not conclusively show that the DNA found on the gun was

---

[7] Although we cannot find that the Superior Court abused its discretion in granting the State's Motion for Extension when the State failed to meet the deadlines imposed by the scheduling order, we note our concern over late production of this kind. We recognize that given high volumes of serious criminal cases, there is stress on prosecuting authorities to produce required discovery in a timely manner. But, that stress also extends equally to the defense, and defense counsel should not be expected to deal regularly with late discovery of important materials. That is unfair, compromises the defense's ability to prepare professionally for trial, and the risk of prejudice due to the disruption to the defense's ability to prepare must be taken seriously by the trial court when addressing a motion complaining about late discovery. To this point, it is not necessarily that the defense has no time to review the specific late materials produced, it is that the need to do so in a rushed manner necessarily can affect adversely other work on the case that defense counsel needs to complete.

[8] *Lampkins v. State*, 465 A.2d 785, 790 (Del. 1983).

3

Washington's, it did show that only one in eleven African Americans had a DNA profile consistent with what was found on the gun, Washington had that profile, and the Superior Court weighed the probative value of that evidence against prejudice in a rational way. Thus, the Superior Court did not abuse its discretion in admitting the evidence.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice